UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>v.<br><br>NARAYAN BHAGAT and RANJAN BHAGAT,<br><br>    Defendants. | Case No.: 1:17-cv-01678-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. 9)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Theresa Brooke ("Plaintiff") filed the instant action on December 13, 2017, alleging violations of Title II of the Americans with Disabilities Act ("ADA") and various state statutes against Defendants Narayan Bhagat & Ranjan Bhagat, co-trustees of the Narayan Bhagat & Ranjan Bhagat Revocable Living Trust, March 1, 1995 dba Bakersfield Inn & Suites.[1]

On January 12, 2018, the Clerk of the Court entered default against Defendant Narayan Bhagat. (Doc. 6.). Plaintiff, however, failed to file a motion for default judgment. On March 2, 2018, the Court ordered Plaintiff to either show cause in writing or file the motion for default judgment by March 20, 2018. The Court advised Plaintiff that the failure to comply with the order may result in the imposition of sanctions. (Doc. 9).

---

[1] Plaintiff has not returned an executed service of summons for Ranjan Bhagat. Rule 4(m) of the Federal Rules of Civil Procedure states that if a Defendant is not served within 90 days after the complaint is filed, the Court—on motion or on its own after notice to the Plaintiff—must dismiss the action without prejudice against the Defendants. Fed. R. Civ. P. 4(m).

The deadline for Plaintiff to respond to the order to show cause has passed, and she has not complied with the Court's order. Accordingly, the Court will recommend dismissal of this action with prejudice.

**I.      Failure to Prosecute and Failure to Obey a Court Order**

**A. Legal Standards**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Discussion**

Here, Plaintiff has failed to prosecute this action, and she has been otherwise non-responsive to the Court's order directing her to move for default judgment. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in sanctions satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's March 2, 2018 order expressly warned Plaintiff that her failure to respond to the order to show cause or otherwise comply would result in sanctions. (Doc. 9 at pp. 2). Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not filed a motion for default judgment or responded to the Court, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

## II. Conclusion and Recommendation

For the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed for failure to obey a court order and failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 10, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE